**SO ORDERED.**

**SIGNED this 26 day of June, 2006.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
             **John C. Cook**
   **UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Scott Gregory Puckett** | ) | **No. 05-17481** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | |
| **Douglas R. Johnson, Trustee** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Adv. No. 06-1055** |
| | ) | |
| **Deanne Flanders** | ) | |
| | ) | |
| **Defendant** | ) | |

**M E M O R A N D U M**

This adversary proceeding is before the court on the trustee/plaintiff's Motion for Summary Judgment Combined with Brief in Support. For the reasons that follow, the court is of the opinion that the motion should be granted.

**I.**

On February 27, 2002, debtor Scott Gregory Puckett gave a Demand Note in the amount of $105,000.00 to Deanne Flanders. (Complaint to Avoid Preferential Transfer ¶ 11 [hereinafter cited as Complaint]; Motion and Answer to Complaint to Avoid Preferential Transfer ¶ 5 [hereinafter cited as Answer].) Also on that date, Mr. Puckett signed a Deed of Trust, granting Ms. Flanders a security interest in certain real property located in Rutherford County, Tennessee (the "Property"). (Answer, exhibit.) Ms. Flanders states that she personally delivered the Demand Note and the Deed of Trust to Legal Title and Escrow, Inc., and requested that it handle the recordation of the Deed of Trust. (Answer ¶ 7.) On March 13, 2002, the Deed of Trust was recorded in the real property records maintained by the Register of Deeds of Hamilton County, Tennessee. (Complaint ¶ 12; Answer ¶ 18 & exhibit.)

Ms. Flanders alleges that she first learned that the Deed of Trust had been recorded in the wrong county in early October 2005. (Answer ¶¶ 8, 17, 18.) On October 10, 2005, the Deed of Trust was recorded in the real property records maintained by the Register of Deeds of Rutherford County, Tennessee. (Complaint ¶ 13; Answer ¶ 19 & exhibit.)

On October 14, 2005, Mr. Puckett filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing the above-styled bankruptcy case. On October 16, 2005, the plaintiff was appointed interim trustee of Mr. Puckett's bankruptcy estate and, on December 2, 2005, he became designated the permanent trustee. 11 U.S.C. § 702(d). On March 29, 2006, the trustee filed the complaint initiating this adversary proceeding, seeking to avoid Ms. Flanders's security interest in the Property as a preferential transfer. On April 28, 2006, Ms. Flanders filed an answer, which does not raise any of the exceptions to preference avoidance set forth in 11 U.S.C. § 547(c).

On June 1, 2006, the trustee filed the motion presently before the court. The deadline for a response to the motion was June 21, 2006. E.D. Tenn. LBR 7007-1. Ms. Flanders did not timely file a response,[1] so the court assumes "that the respondent does not oppose the relief requested by the motion." *Id.*

## II.

Congress authorized bankruptcy trustees to set aside certain transfers made shortly before a bankruptcy petition is filed, so that the money or other property transferred will be brought into the bankruptcy estate. In that way, the property will be distributed among all creditors according to the Bankruptcy Code's priority scheme, rather than to the single creditor that received the property. The avoidance of a transfer does not indicate that the debt is not legitimate or that the creditor did anything wrong merely by receiving payment on or security for a *bona fide* obligation. The preference law simply prevents one creditor from being "preferred" over other similar creditors on the eve of bankruptcy.

The requirements for a transfer to avoided as a preference are set forth in § 547(b) of the Bankruptcy Code, which reads:

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> > (1) to or for the benefit of a creditor;
> >
> > (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> >
> > (3) made while the debtor was insolvent;

---

[1] The court also notes that Ms. Flanders did not attend the scheduling conference conducted in this adversary proceeding on June 8, 2006, which was scheduled by an Amended Order entered on May 3, 2006.

   (4) made—

    (A) on or within 90 days and one year before the date of the filing of the petition; or

    (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

   (5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Under the Code's broad definition of "transfer,"[2] the Deed of Trust transferred an "interest of the debtor in property," namely a security interest in Mr. Puckett's land. The transfer was made to Ms. Flanders, who was a "creditor" because Mr. Puckett owed her money under the $105,000 Demand Note. 11 U.S.C. § 101(10)(A). Thus, Paragraph (1) of § 547(b) is satisfied. The affidavit filed by the trustee demonstrates that Paragraph (5) is also satisfied, since Ms. Flanders has not offered any evidence to the contrary.[3] Before addressing the other requirements of § 547(b), the court must determine when the transfer was "made" for the purposes of preference avoidance.

---

[2] Under the law applicable to this case (*see* note 2, below), "transfer" was defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." 11 U.S.C. § 101(54).

[3] Rule 56(e) of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, requires that a party opposing a motion for summary judgment must file affidavits or other proper evidence setting forth "specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." As indicated above, Ms. Flanders did not submit any such evidence.

4

"For the purposes of this section [547]. . . a transfer is made . . . at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time . . .; [or] at the time such transfer is perfected, if such transfer is perfected after such 10 days." *Id.* § 547(e)(2)(A), (B).[4] Thus, if a security interest is not promptly perfected, the Bankruptcy Code treats the transfer as having been made at the time of perfection, rather than the time the mortgage, deed of trust, security deed, or security agreement was signed. Ms. Flanders's security interest was not promptly perfected, because the Deed of Trust was signed and delivered on February 27, 2002, but the transfer was not perfected by recordation in the correct county until October 10, 2005. *See* T.C.A. §§ 66-26-103, 66-24-101, 66-24-103 (deed of trust registered in wrong county is "null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice"). Because that date was not within 10 days after February 27, 2002, the law considers the transfer to have been "made" on October 10, 2005.

The determination that that was the transfer date results in the satisfaction of all of the other requirements of the preference statute. Paragraph (2) of § 547(b) is satisfied, since the transfer was "for or on account of an antecedent debt owed by the debtor before such transfer was made," as the debt was incurred when the Demand Note was signed and delivered 3½ years before the security interest was properly perfected by recording of the Deed of Trust in the correct county. As for Paragraph (3)'s requirement of insolvency, "the debtor is presumed to have been insolvent on and

---

[4] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 changed those time periods from 10 days to 30 days. Pub. L. No. 109-9, § 403, 119 Stat. 23, 104, *codified at* 11 U.S.C. § 547(e)(2)(A), (B). However, that provision applies only in cases commenced on or after October 17, 2005, Pub. L. No. 109-9, § 1501(a), (b)(1), 119 Stat. at 216, and this case was commenced three days before that date. Moreover, the Deed of Trust was not recorded in the proper county within even 30 days after it was signed.

during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). Because the transfer is deemed to have been made four days before the petition was filed, the presumption of insolvency applies and Ms. Flanders has not introduced any evidence to rebut the presumption. Paragraph (4)(A) of § 547(b) is satisfied because the effective date of the transfer (October 10, 2005) was within 90 days before the commencement of Mr. Puckett's bankruptcy case.

### III.

For the foregoing reasons, there is no genuine issue of fact pertinent to this adversary proceeding and, under the undisputed material facts, the trustee is entitled to judgment as a matter of law. Accordingly, the court will enter a separate judgment avoiding Ms. Flanders's security interest in the Property. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c).

###